# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| M.S.B.,by her mother and natural | * | |
| guardian, TIFFANY BAST, | * | |
| | * | |
| Petitioner, | * | No. 01-565V |
| | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: January 14, 2015 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which |
| | * | respondent does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

<u>Clifford J. Shoemaker</u>, Shoemaker, Gentry, & Knickelbein, Vienna, VA, for petitioner,
<u>Ann D. Martin</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On January 13, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner submitted a motion for attorneys' fees and costs. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $123,537.57, an amount to which respondent does not object. The Court awards this amount.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website. This decision is redacted pursuant Judge Wolski's decision.

On October 1, 2001, Tiffany Bast on behalf of her minor daughter, M.S.B. filed a petition for compensation alleging that the hepatitis B vaccination, which she received on October 23, 1998, caused her to suffer seizures, an encephalopathy, and liver damage.  In the ruling, petitioner was denied compensation.  Decision, 2012 WL 6858040, filed Dec. 20, 2012.  The petitioner's motion for review was denied.  117 Fed. Cl. 104 (2014).

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners spent time gathering medical records and filing affidavits for petitioners.  Counsel consulted an expert and filed an expert report.  An entitlement hearing was conducted.  After the hearing, the parties filed post hearing briefs.  Thus, because petitioners' counsel acted in good faith and there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioner seeks a total of **$123,537.57** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred **$2,308.27** in out-of-pocket litigation expenses while pursuing this claim.  Further, Mr. Shoemaker subsequently reimbursed petitioner for these out-of-pocket expenses with a check dated March 4, 2014.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a. **A lump sum of $123,537.57 in the form of a check made payable to petitioner and petitioner's attorney, Clifford J. Shoemaker, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>  
Christian J. Moran  
Special Master